UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN M. AMOS,

        Plaintiff,

v.                                Case No:   6:15-cv-1912-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

Susan M. Amos (the "Claimant"), appeals to the District Court a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for Social Security Disability benefits and Supplemental Security Income payments.  Doc. No. 1. at ¶ 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by assigning: 1) no weight to Dr. Gary Frick's ("Dr. Frick") opinion; and 2) improper weight to the opinions of Drs. David Tessler ("Dr. Tessler") and James Brown ("Dr. Brown") in his determination of Plaintiff's Residual Functional Capacity ("RFC")   Doc. No. 19 at 11-13 and 17-19.  Claimant requests that the matter be reversed for an award of benefits or, in the alternative, remanded for a third administrative proceeding.  *Id.* at 22-23.  For the reasons set forth below, it is **RECOMMENDED** the Commissioner's final decision be **REVERSED AND REMANDED** for future proceedings**.**

### I. PROCEDURAL HISTORY

On October 1, 2009, Claimant filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of September 5, 2008

(the "First Application").  R. 145, 147.  After twice having her claims denied, Claimant attended a hearing in front of an ALJ on January 18, 2012.  R. 27- 51, 77-78.  On February 23, 2012, the ALJ held that Claimant was not disabled.  R. 9-26.  On April 6, 2012, Claimant submitted a formal request of the ALJ's decision.  R. 7-8.  On June 26, 2013, the Appeals Council of the Social Security Administration (the "Appeals Council") denied Claimant's request for review.  R. 1-6.

On July 26, 2013, Claimant appealed the ALJ's decision to this Court.  *Amos v. Comm'r of Soc. Sec.* (*Amos I*), Case No. 6:13-cv-01139-Orl-31GJK, Doc. No. 1 (M.D. Fla.).  On August 11, 2012, this Court entered a judgment reversing and remanding Claimant's case for further administrative proceedings.  R. 554-574.  On September 27, 2013, while Claimant's appeal was pending, Claimant filed a renewed application for DIB (the "Second Application").  R. 624-627.  On December 18, 2014, the Appeals Council remanded the First Application to an ALJ for further administrative proceedings.  R. 575-579.  In its Notice of Order, the Appeals Council ordered the ALJ to "consolidate the claim files, create a single record and issue a new decision on the consolidated claims…"  R. 577.

Claimant attended a second hearing on August 15, 2015, before a different ALJ.  R. 468-504.  On September 8, 2015, the ALJ held Claimant was not disabled.  R. 433-467.  This appeal followed, and focuses on the Commissioner's determination that Claimant was not disabled any time after September 5, 2008.  Doc. No. 1, 19.

II.   **THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence

as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. WEIGHING MEDICAL OPINIONS

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part in determining whether a claimant is disabled. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by

substantial evidence." *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinion of a treating physician must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). However, there are a few situations in which good cause allows an ALJ to give a treating physician's opinion less that substantial weight. Specifically,

> Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."

*Johnson v. Barnhart*, 138 F. App'x. 266, 269 (11th Cir. 2005) (quoting *Phillips*, 357 F.3d at 1240-41). Thus, good cause exists to give a treating physician's opinion less than substantial weight when the opinion is not bolstered by the evidence, evidence supports a contrary finding, or the opinion is conclusory or inconsistent with the physician's medical records.

The ALJ cannot accept or deny certain portions of a medical opinion without providing reasons for doing so. In *Monte v. Astrue*, this District found that an ALJ committed reversible error:

> [B]y failing to either explain why he adopted only part of Dr. Alvarez–Mullin's opinion after expressly giving it significant weight, or in failing to adequately incorporate all of Plaintiff's mental limitations into his assessment of Plaintiff's RFC.

*Monte v. Astrue,* Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009). *See also*, *Morrison v. Barnhart*, 278 F. Supp.2d 1331, 1337 (M.D. Fla. 2003). Furthermore, should an ALJ provide great weight to an examiner's opinion, it must address the opinion either explicitly or implicitly in its determination of Claimant's RFC. *Monte*, 2009 WL 210720, at *6-7. Failure to do so is a reversible error. *Id.* Finally, if an ALJ finds that a

claimant has a moderate limitation in concentration, persistence, and pace, the ALJ must explicitly or implicitly account for these limitations in their RFC.  *Winschel*, 631 F.3d at 1181.

## IV. ANALYSIS

Claimant's appeal focuses on the ALJ's consideration, or lack thereof, of three treating and examining physicians' opinions.  As previously mentioned, Claimant argues that the ALJ: 1) failed to consider and weigh Dr. Frick's opinion; and 2) erred in improperly weighing the opinions of Drs. Tessler and Brown regarding Claimant's concentration, persistence, and pace when considering Claimant's RFC. Doc. No. 19 at 11-13 and 17-19.   With regard to Dr. Frick's opinion, Claimant contends that the ALJ's opinion was not based on substantial evidence because it "failed to mention, evaluate, or weigh Dr. Frick's opinion that supported a finding of disability in Ms. Amos's case."  R. 13. Claimant argues that because the ALJ failed to consider the opinion of a treating physician, the ALJ's opinion was not based upon substantial evidence.  *Id.*  The Commissioner argues that the ALJ did not err in not considering Dr. Frick's opinion because the opinion was conclusory.  Doc. No. 19 at 13-17.   Furthermore, the Commissioner argues that even if Dr. Frick's opinion should have been considered, such an error is harmless because the opinion does not contradict the ALJ's RFC determination.  *Id.*

With regard to Drs. Tessler and Brown's opinions, Claimant argues that because the ALJ failed to account for these opinions in his determination of Claimant's RFC, the ALJ's opinion was not based on substantial evidence.  *Id.* at 17- 19.   The Commissioner argues that the "ALJ gave substantial weight to these opinions to the extent they showed Plaintiff had moderate limitations in [concentration, persistence, and pace]."  Doc. No. 19 at 19.   The Commissioner also contends that "the ALJ's ultimate determination of [claimant's] RFC was based on the record as a whole."  *Id.*

A) **Dr. Frick's Opinion**

On August 3, 2015, Dr. Frick completed a Mental Residual Functional Capacity Assessment (the "Assessment") for Claimant. R. 878-880. Under Section I of the Assessment, Dr. Frick marked a number of boxes deeming Claimant to be "markedly limited" in a number of work activities. *Id*. Under Section II of the Assessment, entitled "Functional Capacity Assessment," Dr. Frick opined that Claimant suffered from a "[h]istory of schizoaffective disorder with low level baseline functioning." R. 880. Dr. Frick also notes that Ms. Amos' "[h]istory of mood problem[s] and hearing voices contraindicate her ability to work." *Id.*

In step four of the sequential evaluation analysis, the ALJ did not weigh Dr. Frick's opinion or state the reasons therefor. R. 455-457 (noting and weighing the medical opinions). In fact, the ALJ's opinion only mentions Dr. Frick once, noting that "the claimant indicated that Dr. Frick treats her" for certain impairments. R. 460. The Commissioner acknowledges that "[t]he ALJ did not explicitly state the weight" he gave to the Assessment. Doc. No. 19 at 14.

The ALJ is required to state "with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. The ALJ is not required to include every limitation in a medical opinion into his or her RFC determination simply because he or she assigned great or significant weight to that opinion. *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]"). However, the ALJ is required to provide a reasoned explanation as to why he or she chose not to include particular limitations in his or her RFC determination. *See Winschel*, 631 F.3d at 1178-79. Thus, because the ALJ committed reversible error in not providing any weight to (or even mentioning) Dr. Frick's opinion in its RFC determination, it is **RECOMMENDED** that the Court reverse the Commissioner's decision.

**B) Drs. Tessler and Brown's Opinions**

On November 16, 2013, Dr. Tessler, a non-examining state agency consultant, reviewed the record and noted that Claimant's mental impairments caused her to experience moderate difficulties in maintaining concentration, persistence, and pace. R. 528. Furthermore, Dr. Tessler opined that notwithstanding those limitations Claimant appeared capable of performing simple and routine tasks. R. 533. Specifically, Dr. Tessler's opinion noted:

> Although [claimant] may be apt to have lapses in focus, motivation, and reliability, the frequency, intensity, and duration of these occurrences would not be expected to significantly or routinely detract for [claimant's] ability to execute/complete simple, routine (vs. complex) occupational tasks at a reasonable pace under normal supervision.

R. 533 (emphasis added). Thus, Dr. Tessler's opinion clearly indicates that notwithstanding Claimant's mental limitations, she can still perform simple and routine (but not complex) tasks at a normal pace. On January 14, 2014, Dr. Brown reviewed Dr. Tessler's opinion and affirmed it as written. R. 545.

The ALJ assigned "great weight" to the opinions for Drs. Tessler and Brown and noted their finding that Claimant has "moderate limitations in concentration, persistence, and pace" R. 456. The ALJ also specifically found "that the claimant would be more limited in her social interactions than found by these consultants…" *Id.* However, despite giving great weight to the opinions at issue (and noting that the opinions state that Claimant has moderate limitations in concentration, persistence, and pace) the only mental limitation incorporated into Claimant's RFC was the Claimant's ability to "occasionally interact with the public." R. 457. The RFC does not address the portion of the opinions that indicate that notwithstanding Claimant's mental limitations, she remains capable of performing simple and routine (as opposed to complex) tasks.

The Court is unable to discern whether the ALJ intended to give great weight to the entire opinion at issue and yet failed to account for Claimant's moderate limitations in concentration, persistence, and pace when making his RFC determination; or intended to give great weight to only a portion of the opinions and lesser weight to the balance of the opinions, but failed to provide reasons supported by substantial evidence for doing so. In either event, on the current record, the ALJ erred and reversal is required. *See Winschel*, 631 F.3d at 1181 (noting that when an ALJ finds moderate limitations in concentration, persistence, and pace, they must explicitly or implicitly account for those limitations); *Brunson v. Astrue*, 850 F.Supp.2d 1293, 1301 (same); *Morrison*, 278 F.Supp.2d at 1337 (noting that an ALJ cannot reject portions of a medical opinion without providing an explanation for such decision). To assume that the ALJ accounted for all of Claimant's limitations in evaluating Claimant's RFC would make the Court engage in pure speculation. Thus, the ALJ was required to address Claimant's limitations with regard to Claimant's concentration, persistence, and pace, and to include those limitations (or discuss the reasons for not including) in the RFC. *Winschel*, 631 F.3d at 1181. Accordingly, because the ALJ committed reversible error by failing to explain why he adopted only a portion of Drs. Tessler and Brown's opinions in the RFC after expressly giving the opinion great weight to the opinions, it is **RECOMMENDED** that the Court reverse the Commissioner's decision.[1]

## V.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** and **REMAND** the final decision of the Commissioner for further proceedings pursuant to sentence four of Section 405(g); and

---

[1] The Commissioner argues, in conclusory fashion and without any citations, that any error committed by the ALJ as to Dr. Frick's Assessment was harmless. Doc. No. 19 at 24. However, because the ALJ did not properly address the medical opinions in the record the undersigned cannot properly evaluate the Commissioner's contention that the error was harmless. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).

2.  Direct the Clerk to enter judgment in favor of the Claimant and against the Commissioner, and to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 10, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Bernard Porter
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224