UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN M. AMOS,

        Plaintiff,

v.                                Case No. 6:15-cv-1912-Orl-37GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER

This cause is before the Court on the following:

(1)     U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 20), filed November 10, 2016;

(2)     Defendant's Objections to Report and Recommendation (Doc. 21), filed November 22, 2016; and

(3)     Plaintiff's Response to Defendant's Objections to the November 10, 2016 Magistrate Judge's Report and Recommendation (Doc. 22), filed December 6, 2016.

### I. PROCEDURAL HISTORY

In accordance with 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff Susan M. Amos ("**Amos**") timely initiated this action seeking judicial review of a final unfavorable determination ("**Decision**") on her claim for payment of Social Security Disability benefits and Supplemental Social Security Income benefits. (*See* Doc. 1.) The

-1-

Commissioner of Social Security ("**Commissioner**") filed an Answer (Doc. 12) and a transcript of the administrative proceedings (Doc. 17). The parties then filed a joint brief (Doc. 19), and U.S. Magistrate Judge Gregory J. Kelly ("**Magistrate Judge Kelly**") issued a Report and Recommendation ("**Report**") finding that the Decision should be reversed and remanded (Doc. 20), The Commissioner filed objections (Doc. 21 ("**Objections**")), Amos responded (Doc. 22 ("**Response**")), and the matter is now ripe for adjudication.

## II.   LEGAL STANDARDS

### A.   Review of Commissioner's Final Decisions

A district court's review of a final decision by the Commissioner is limited to determining: (1) whether the Commissioner's factual findings are supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); and (2) whether the administrative law judge ("**ALJ**") correctly applied the appropriate legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). No presumption of correctness attaches to the Commissioner's legal reasoning, and the court must reverse the Commissioner's decision if he "failed to apply the correct law." *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). In contrast, the court must presume that the Commissioner's factual findings are correct and must not reverse the Commissioner's decision if it is supported by substantial evidence. *See Dyer*, 395 F.3d at 1210; *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 1987) (cautioning courts not to "decide facts anew, reweigh the evidence, or substitute" the court's judgment for the judgment of the Commissioner).

B.  **Review of Report and Recommendation**

A party seeking to challenge the findings in the report and recommendation of a magistrate judge must file "written objections which specifically identify the portions of the proposed findings and recommendation[s] to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The district court then must conduct a *de novo* review of the portions of the report to which timely and proper objection is made. *See id.* at 783–84. The district court may "accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *See id.* at 784.

### III.  ANALYSIS

Upon de novo review of the record and careful consideration of the parties' arguments and the controlling law, the Court finds that the Objections are due to be overruled, the Report is due to be adopted, and the Decision is due to be reversed for the reasons set forth below.

A.  *The Report*

In his Report, Magistrate Judge Kelly recommends that the Court reverse the Decision because, in step four of the sequential analysis:

> 1. the ALJ inexplicably disregarded the opinions of Dr. David Tessler ("**Dr. Tessler**") and Dr. James Brown ("**Dr. Brown**") that Amos suffers from moderate restrictions in concentration, persistence, and pace ("**CPP**") and is limited to performing simple and routine (as opposed to complex) tasks ("**Tessler/Brown Opinions**"); and

    2.    the ALJ did not explicitly weigh the opinions of Dr. Gary Frick ("**Dr. Frick**") or give reasons for omitting such opinions from his residual functional capacity ("**RFC**") determination.

(*See* Doc. 20, pp. 6–8.) Based on controlling law, particularly *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), Magistrate Judge Kelly concluded that: (1) the ALJ's deficient analysis of the Tessler/Brown Opinions and Dr. Frick's opinions constituted reversible error; and (2) the matter should be remanded to the Commissioner for further proceedings. (*See* Doc. 20.)

### B. The Objections and Response

The Commissioner argues that the Court should reject the Report and affirm the Decision because: (1) the ALJ's conclusion that Amos "would be off-task 5% of the workday" adequately addressed the Tessler/Brown Opinions concerning CCP (*see* Doc. 20, pp. 4–5 ("**5% Argument**")); (2) Magistrate Judge Kelly should not have treated the "Mental Residual Functional Capacity Assessment" form completed by Dr. Frick ("**MRFC Form**") as a medical opinion (*see id.* at 2–3); and (3) Magistrate Judge Kelly should have found that the ALJ's failure to explicitly address the MRFC Form was harmless error (*see id.* at 3–4).

Amos counters that the Court should accept the Report and overrule the Objections because: (1) the ALJ's improper consideration of the Tessler/Brown Opinions is evident from the ALJ's finding that Amos could return to her past work in skilled and semi-skilled occupations (*see* Doc. 22, pp. 2–3); and (2) Dr. Frick's opinion in the MRFC Form "clearly conflicts" with the ALJ's RFC assessment (*see id.* at 3–4).

### C. *The Tessler/Brown Opinions*

In his Report, Magistrate Judge Kelly found that the Decision omits the information necessary to determine: (1) "whether the ALJ intended to give great weight" to the entirety of the Tessler/Brown Opinions" and yet failed to account for [Amos'] moderate limitations in [CCP] when making his RFC determination;" or (2) "intended to give great weight to only a portion of the [Tessler/Brown Opinions] and lesser weight to the balance of the [Tessler/Brown Opinions], but failed to provide reasons supported by substantial evidence for doing so." (Doc. 20, p. 8.) The Court agrees.

The Commissioner objects that such "omissions" in the ALJ's analysis are not reversible error because the 5% Argument reflects a proper and complete analysis of the Tessler/Brown Opinions. The Court disagrees. The Commissioner's post hoc 5% Argument does *not* explain how the ALJ's finding that Amos could return to her past work in skilled and semi-skilled occupations comports with the "great weight" given to the Tessler/Brown Opinions—particularly the contrary opinion that Amos is limited to performing simple and routine tasks. Accordingly, as to the Tessler/Brown Opinions, the Court finds that the Report is due to be adopted and the Objections are due to be overruled.

### D. *The MRFC Form*

The Court agrees with Magistrate Judge Kelly that "the ALJ committed reversible error in not providing any weight (or even mentioning) Dr. Frick's opinion in its RFC determination." Further, the Court disagrees with the Commissioner's circular argument that the ALJ need not have addressed the MRFC Form because it did not

constitute a "medical opinion." Notably, the pertinent regulations define "medical opinions" as "statements from physicians and psychologists or other acceptable medical sources that reflect judgment about the nature and severity of [the claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *See* 20 C.F.R. § 404.1527(a)(2).

Here, there is no dispute that the MRFC Form was completed by a physician—Dr. Frick—who examined (and possibly treated) Amos. On its face, the MRFC Form sets forth "statements" of Dr. Frick that reflect his judgment concerning "the nature and severity" of Amos' impairments. As such, the ALJ was required to evaluate the MRFC Form and state the weight—if any—accorded to it ("**Evaluation Requirement**"). *See* 20 C.F.R. § 404.1527(c); *see also Winschel*, 631 F.3d at 1178–79. The ALJ could have complied with the Evaluation Requirement by addressing specific medical opinion evaluation factors in the Decision and stating—as the Commissioner argues now—that Dr. Frick invaded the province of the Commissioner by opining that Amos' problems "contradict her ability to work." The ALJ's failure to even mention the MRFC Form in the Decision is reversible error that is not cured under a "harmless error" analysis.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation (Doc. 20) is **ACCEPTED, ADOPTED**, and made part of this Order.

     2.     Defendant's Objections to the Report and Recommendation (Doc. 21) are **OVERRULED**.

     3.     The final decision of the Commissioner of Social Security is **REVERSED** and the matter is **REMANDED** to the Commissioner of Social Security.

     4.     The Clerk is **DIRECTED** to enter Judgment in favor of Plaintiff Susan M. Amos and against Defendant Commissioner of Social Security and to **CLOSE** this case.

DONE AND ORDERED in Orlando, Florida, this 28th day of February, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:

Counsel of Record

U.S. Magistrate Judge Gregory J. Kelly

U.S. Administrative Law Judge Bernard Porter
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224

Mary Ann Sloan, Regional Chief Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, GA 30303-8920